# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DJUAN WILLIAMS,

    Plaintiff,

    v.

OPAA FOOD MANAGEMENT OF
KANSAS LLC,

    Defendant.

Case No. 26-CV-01153-DDC-GEB

## <u>ORDER</u>

This matter is before the Court on Plaintiff Djuan Williams' Motion to Proceed *in forma pauperis* ("Motion") (ECF No. 7) and supporting Affidavit of Financial Status (ECF No. 7-1).  For the reasons outlined below, Plaintiff's Motion **(ECF No. 7)** is **GRANTED.**

Under 28 U.S.C. § 1915(a)(1), the Court has discretion to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security thereof."[1]  Proceeding *in forma pauperis* "in a civil case is a privilege, not a right—fundamental or otherwise."[2]  To succeed on an *in forma pauperis* motion, "the movant must show a financial inability to pay the required filing fees."[3]  There is a "liberal policy" toward permitting proceedings *in forma pauperis* "when

---

[1] *See also Cabrera v. Horgas,* 173 F.3d 863 (10th Cir. 1999) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.").

[2] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[3] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[4]

When determining whether a party is eligible to file without prepayment of fees, the court reviews a party's financial affidavit and compares the monthly expenses with the monthly income disclosed therein.[5]  After careful review of Plaintiff's financial affidavit[6] and comparing Plaintiff's listed monthly income and expenses, the Court finds he is financially unable to pay the filing fee.

Because Plaintiff proceeds *in forma pauperis*, his pleadings are subject to screening under 28 U.S.C. § 1915(e)(2)(B).  Having reviewed Plaintiff's Complaint and liberally construing the same, the Court does not find grounds to recommend dismissal of the case at this time.[7]  Accordingly, service of process upon the named Defendant is hereby authorized as set forth below.  This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendant retains all rights to challenge the sufficiency of the Complaint through appropriate motions practice.

---

[4] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).

[5] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[6] ECF No. 7-1.

[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. . . . We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so[.]") (internal citations omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* (**ECF No. 7)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to issue summons directed to Defendant OPAA Food Management of Kansas LLC.  Service of the summons and Complaint shall be made by the United States Marshal or a deputy United States Marshal who is hereby appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated this 7th day of July 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge